IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE ARMENDARIZ and
BONNIE ARMENDARIZ, individually
and as parents and next friends of
DANIEL ARMENDARIZ,
CARRIE ARMENDARIZ, and
DAVID ARMENDARIZ,

        Plaintiffs,

vs.                                           Civil No. 01-0163 WJ/JHG

ROBERT ROY PARKHURST,
S.P. RICHARDS & COMPANY,
ROYAL AND SUNALLIANCE INSURANCE
GROUP plc, through ROYAL AND SUNALLIANCE
USA, and ROYAL INSURANCE OF AMERICA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss and to Strike, filed August 28, 2001 **(Doc. 37)**; and on Defendant Parkhurst's Motion for Summary Judgment on Claim for Punitive Damages, filed December 7, 2001 **(Doc. 47)**. In July 2000, Plaintiff, with family members as passengers, was driving his motor home on Interstate 10 westbound when the vehicle was hit from behind by a tractor-trailer driven by Defendant Robert Parkhurst ("Parkhurst"). According to the complaint, Defendant "Royal Insurance" was the insurer for the tractor-trailer which was owned by SP Richards & Company ("S. P. Richards") and driven by Parkhurst. Plaintiffs seek personal and property damages as a result of Parkhurst's inattention and negligence.

Defendants move to strike all allegations relating to the Royal Insurance entities, including

claims for punitive damages, and assert various bases for dismissal which I address in turn.[1]

*Subject Matter Jurisdiction*

Defendants' contention that Plaintiffs do not allege facts to confer federal jurisdiction is simply not accurate. Plaintiffs specify domiciles for themselves and the different Defendants in paragraph two of the complaint. In paragraph four, they refer to 28 U.S.C. § 1332. Plaintiff's general cite to the statute instead of the specific subsection may show imprecision, but is not fatal to the assertion of jurisdiction. Defendants raise some question about whether the Royal Insurance entities named in ¶2 of the complaint are in fact the insurers of S.P. Richards, contending that the company is insured by an Illinois corporation named Royal Insurance Company of America. Mem. at 7, n.2.[2] They offer no documentation for this assertion; nor does their amended answer shed any light, since it simply states that they deny Plaintiff's allegations and that Defendants will "move to dismiss Royal." ¶ 5, Amended Ans. (Doc. 23). Responding in kind, Plaintiffs merely point to the original answer where Defendants concede Plaintiffs' allegations regarding the Royal Insurance entities -- but offer the Court no documentation or facts supporting their representations as to the identity of S.P. Richards' insurer. At any rate, the focal question has been answered: Plaintiffs have sufficiently alleged a basis for diversity jurisdiction.

*Personal Jurisdiction*

*Waiver*

---

[1] Defense counsel who filed the briefs underlying the present motions at one time represented all Defendants, but currently represents the Royal Insurance entities only; other counsel has been substituted for S.P. Richards (Doc. 65).

[2] In the same footnote, Defendants argue against the insurers' presence in this suit on the basis that it is only an excess carrier for claims over $750,000.00, way over the damages alleged by Plaintiffs based on the facts in the complaint. Mem. at 7, n.2.

Without providing any factual basis for their position, Defendants contend that service should have been made on the insurer Defendants under methods permitted by international agreement or foreign internal law because Royal and SunAlliance Insurance Group is a United Kingdom-based insurer. Plaintiffs devote their rebuttal almost entirely to an express waiver of jurisdictional defenses which Defendants included in the Initial Pretrial Report ("IPTR"), which was completed some time between the filing of the answer and the amended answer. Pltffs' Ex. 1. The IPTR was actually entered on the docket subsequent to the amended answer (Doc. 56) but differs from the original document submitted by the parties,[3] although the official pleading on the docket does indicate that Defendants stipulated to personal and subject matter jurisdiction. Initial Pre-Trial Rep't, "Stipulations" at 2 ("that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter)."[4] The stipulation presents a question as to whether this document -- which is not a responsive pleading as envisioned under Rule 12 of the Federal Rules of Civil Procedure -- amounts to a waiver of the jurisdictional defense because it was filed after the amended answer. Cmp., e.g., State Treasurer of the State of Michigan v. Barry, 168 F.3d 8, 9-10 (11th Cir.1999)(pretrial order supercedes prior pleadings). Nevertheless, given the inconsistency between the stipulation and the answers, and the rather convoluted chronology surrounding the IPTR, I decline to conclude that the defense of lack of personal jurisdiction has been waived.

---

[3] The IPTR that was eventually entered may have been a replacement document submitted by the parties at the request of the Court.

[4] I also need not determine what, if any, effect Defendants' failure to follow Rule15(a) of the Federal Rules of Civil Procedure and D.N.M.LR-Civ. 15.1 of the local rules have in connection with their filing an amended answer. Defendants asserted lack of jurisdiction over subject matter and parties as affirmative defenses in the original answer. Ans., at 4.

*Improper Service*

Defendants claim that the "Royal Insurance entities" have not properly been served. They are only partially successful in their challenges to sufficiency of service. As the caption denotes, these entities are comprised of three separately named companies: Royal and SunAlliance Insurance Group plc; Royal and SunAlliance USA; and Royal Insurance of America.[5] Contrary to Defendants' contentions, Reply at 4, the caption sheet as well as the court docket indicate that Royal Insurance Co. of America *is* a named Defendant. However, according to an acceptance of service filed with the Court, service is effective only as to one of the three entities, Royal Insurance Co. of America. Pltffs' Ex. 2 (Doc. 25 - Acceptance of Service by the Acting Superintendent of Insurance). At present, there is no proof of service as to the other two companies, and no explanation by Plaintiffs as to if or why effecting service on Royal Insurance Company of America satisfies service for the other two.[6] Therefore, I find that Defendants Royal and SunAlliance Insurance Group plc and Royal and SunAlliance USA should be dismissed without prejudice on the basis of insufficiency of process.

***Direct Cause of Action against Insurers***

Defendants urge the Court to dismiss Plaintiffs' allegations against the Royal Insurance because Plaintiffs have no direct action against them and because their presence in the action

---

[5] Although the above-styled caption refers to the "Royal Insurance of America," the docket shows the company as "Royal Insurance Company of America."

[6] Some of the earlier pleadings in the case show that S.P. Richards and the Royal Insurance entities were represented by attorneys from the law firm Butt, Thornton and Baehr, who have since withdrawn from the case. See answer, Docs. 10 at 6, 26, 28, 41, 42. An entry of appearance were filed by that firm on behalf of Defendant Parkhurst only (Doc. 9). No entries of appearances have been filed on behalf of the Royal Insurance entities, and, as noted above, an acceptance of service was filed only as to Royal Insurance Co. of America.

would be prejudicial and improperly inject the subject of insurance into the litigation. While Defendants acknowledge that Raskob v. Sanchez, 126 N.M. 394 (1998) allows direct claims against a tortfeasor's insurer, they argue that the New Mexico Mandatory Financial Responsibility Act and the New Mexico Motor Carrier Regulation Act apply only to New Mexico residents.[7] Defendants' gloss on Raskob and on the relevant statutory provisions is not justified. The statutory nexus with New Mexico rises from the requirements that are made upon the insured, i.e carriers who are issued certificates by the New Mexico Public Regulation Commission to file proof of insurance coverage (see N.M.S.A. 1978, §65-2-110(C)), and *not* from the location of the insurance companies who provide the coverage. In other words, application of the statute does not hinge on who the insurance company is and where it is located. In this case, it is clear that such provisions were in force and include the vehicle Parkhurst was driving.

Raskob allows Plaintiffs' claims against the insurer to proceed, at least with regard to the company that has been served, Royal Insurance Company of America, because it provides the basis for a state law action. Procedural rules of joinder, state or federal, do not affect underlying substantive rights. See 28 U.S.C. § 2072 (procedural rules "shall not abridge, enlarge or modify any substantive right").

New Mexico courts rely on a three-prong test to determine if joinder of an insurance company is proper. Rubio v. Bob Crow Chrysler-Plymouth-Dodge, Inc., 145 F.Supp. 2d 1248,

---

[7] The holding in Raskob relied in part on an analysis of § 66-5-221 of the New Mexico Mandatory Financial Responsibility Act, parts of which have since been repealed. The court recognized that "[c]ompulsory liability insurance. . . is intended to provide a benefit to the general public" and that where a statute requires a policy, "'the policy is deemed to be primarily for the benefit of the general public rather than the insured, and many jurisdictions consequently permit' joinder." 126 N.M. at 395-96 (quoted case omitted). Thus, requirements under the Motor Carrier Act, N.M.S.A. 1978, § 65-2-110, would seem to fit into Raskob's holding.

5

1250 (D.N.M. 2001). Joinder will be permitted if: 1) the coverage was mandated by law, 2) it benefits the public, and 3) no language of the law expresses an intent to deny joinder. Id., (citing Raskob 126 N.M.at 395). As discussed above, it should be clear that Plaintiffs' direct claims against the insurers, see Compl., ¶ 6.

At the same time, I am mindful of Defendants' concern with possible prejudice resulting from direct allegations against an insurer, particularly here where the claims ride entirely upon allegations against Parkhurst. For this reason, Plaintiff's claims against the Royal Insurance entities will be severed and tried separately from claims against Parkhurst and S.P. Richards, should liability against the latter be determined at trial.

*Punitive Damages*

Defendants seek dismissal of Plaintiff's claims for punitive damages.[8] To obtain punitive damages under New Mexico law, a plaintiff must show a culpable mental state on the part of the wrongdoer. Conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level. See Gillingham v. Reliable Chevrolet, 126 N.M. 30, 33 (N.M.Ct.App.1998); see also Clay v. Ferrellgas, Inc., 118 N.M. 266, 269 (N.M.1994).

The complaint requests punitive damages "to the extent it is established that the acts and omissions of the defendants were willful, reckless, wanton, grossly negligent, malicious or in bad faith. . . ." Compl., ¶ 12. Plaintiffs accuse Parkhurst of "inattention and negligence, . . . failing to maintain proper lookout and control of the vehicle, following too closely, excessive speed, and

---

[8] It is unclear which Defendants seek dismissal of Plaintiff's claim for punitive damages. Defendant S.P. Richards filed the motion for summary judgment pertaining to punitive damage claims; and the Motion to Strike/Dismiss was filed by counsel for "Defendants" (see Mot. at 1) during the time that attorney represented "Defendants S.P. Richards & Company and its excess insurer." Mot. at 2.

reckless disregard for the safety of others." ¶ 8. Defendants have submitted portions of Parkhurst's deposition which, together with the bare allegations in Plaintiffs' complaint, are sufficient to persuade me that dismissal of Plaintiffs' claims for punitive damages is appropriate. Plaintiffs, on the other hand, did not respond to the summary judgment motion, nor otherwise address the issue in their response to the motion to dismiss. Further, the time to produce such evidence through the discovery process has since passed. (Docs. 54 & 56).

The dismissal of punitive damage claims also applies to Parkhurst's employer, S.P. Richards, as well. Even assuming evidence existed to support allowing a claim for punitive damages to proceed against Parkhurst, liability under such claims cannot be imputed to his employer through respondeat superior. Under New Mexico law, "punitive damages may not be imposed on an employer for the misconduct of an employee absent some evidence that the employer in some way contributed to ... the employee's misconduct." Campbell v. Bartlett, 975 F.2d 1569, 1582 (10th Cir.1992) (applying New Mexico law). Thus, S.P. Richards is not liable for punitive damages unless it is shown that it "participated in, authorized, or ratified the tortious conduct of the employee." Albuquerque Concrete Coring Co. v. Pan Am World Servs., Inc., 118 N.M. 140 (N.M.1994) (internal quotation omitted); see also Gillingham v. Reliable Chevrolet, 126 N.M. 30, 35 (Ct.App. 1998) (instruction that jury could award punitive damages against employer solely upon evidence of employee's culpable state of mind was incorrect). Plaintiff's mere allegation of "bad faith" in the complaint is not enough to sustain a claim for punitive damages against Parkhurst's employer – or, for that matter – against the insuring entities. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based). In

fact, Plaintiffs concede that their complaint against the insurers is *not* based on bad faith: "defendants misperceive the case against the insurers as an insurance bad faith case instead of the direct action claim that the case involves." Resp. to Mot. to Dism. at 1.

*Conclusion*

This Court has subject matter jurisdiction over this action. Plaintiffs' direct claims against the insurers shall proceed except that Defendants Royal and SunAlliance Insurance Group plc and Royal and SunAlliance USA shall be dismissed without prejudice on the basis of insufficiency of process. However, these claims shall be severed into two trials, the claims against the insurers proceeding only upon a finding of liability against the other Defendants. I also find that Plaintiff's factual averments do not support a claim for punitive damages against any of the Defendants.

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Defendant Parkhurst's Motion for Summary Judgment on Claim for Punitive Damages **(Doc. 47)** is hereby GRANTED as described above;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and to Strike **(Doc. 37)** is hereby GRANTED IN PART and DENIED IN PART in that Defendants Royal and SunAlliance Insurance Group plc and Royal and SunAlliance USA shall be dismissed without prejudice on the basis of insufficiency of process; and Plaintiff's claims against the Royal Insurance entities will be tried separately from claims against Parkhurst and S.P. Richards, should liability against the latter be found to exist.

_____
UNITED STATES DISTRICT JUDGE