# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EUGENE ARMENDARIZ and
BONNIE ARMENDARIZ, individually
and as parents and next friends of
DANIEL ARMENDARIZ,
CARRIE ARMENDARIZ, and
DAVID ARMENDARIZ,

      Plaintiffs,

vs.                                           Civil No. 01-0163 WJ/JHG

ROBERT ROY PARKHURST,
S.P. RICHARDS & COMPANY,
ROYAL AND SUNALLIANCE INSURANCE
GROUP plc, through ROYAL AND SUNALLIANCE
USA, and ROYAL INSURANCE OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant S.P. Richards' Motion for Summary Judgment, filed November 13, 2001 **(Doc. 48)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

The undisputed facts disclose that Defendant ("SPR") entered into a contract with a company, Logistics Personnel Corporation, to hire a driver for one of its tractor-trailer rigs. Robert Parkhurst ("Parkhurst"), the leased driver, got into an accident with Plaintiffs while driving through Arizona. SPR contends that it is not liable for Parkhurst's actions because Parkhurst was an independent contractor leased through Logistics Personnel Corporation, and not one of SPR's employees. Thus, SPR cannot be liable under the doctrine of *respondeat*

*superior*. Both the complaint and Initial Pretrial Report indicate that Plaintiffs' claims against Defendant SPR are grounded on *respondeat superior*. However, Plaintiffs premise SPR's liability on regulations promulgated under the Interstate Commerce Act,[1] known as the Federal Motor Carrier Safety Regulations ("FMCSR").

*Legal Standard and Discussion*

Summary judgment issues only where there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Moya v. United States, 35 F.3d 501, 503 (10th Cir. 1994). Here, what is disputed are not the facts, but rather what legal framework should be applied.

Plaintiffs sidestep Defendant's argument advanced along traditional lines of agency theory and instead argue that the regulations in question -- 49 C.F.R. § 390.5 and 49 C.F.R. § 376.12 -- essentially make Parkhurst a statutory employee and therefore render SPR liable for Parkhurst's negligent acts.[2]

The few courts which have addressed the issue of liability of motor carrier-lessees have

---

[1] § 204(e)(2), §49 U.S.C.A. 304(e)(2).

[2] 49 CFR § 390.5 defines "employee" for purposes of the FMCSR: "Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler." The other regulation, 49 CFR § 376.12, sets out the obligations imposed by law on a carrier-lessee when there is a leasing agreement and when the carrier-lessee leases the trailer. I note that in this case, SPR used its own rigs and leased the driver from Logistics Personnel Corporation. This regulation is called the "control regulation" whereby as to a lease between an independent contractor and a carrier-lessee, the *carrier-lessee* has "exclusive possession, control and use of equipment" for the duration of the lease. § 376.12 was formerly §1057.12(c)(1).

either held or assumed that the regulations create a presumption of agency, at least for the duration of the trip.  See, e.g., Parker v. Erixon et al., 473 S.E.2d 421, 425 (Ct.App. N.C., 1996) (rejecting applicability of strict liability by virtue of regulations, but acknowledging presumption of employment relationship between driver while acting within the course and scope of employment even if driver would ordinarily be considered an independent contractor); Zamalloa v. Hart et al., 31 F.3d 911 (more than one common carrier-lessee could be statutory employer of driver of leased truck at same time, for purposes of vicarious liability).

In an attempt to bolster its general agency theory application to the question of SPR's liability, Defendant points to the amendments added in 1992 by the Interstate Commerce Commission ("I.C.C.") to the regulations dealing with written lease requirements, 49 C.F.R. § 376.12(c)(4) (formerly § 1057.12(c)(4)).  The new provision emphasizes that the type of "control" envisioned and required by the I.C.C. regulations does not affect the driver's "employment" status, or the relationship between a motor carrier lessee and the independent owner-operator lessor.  See Parker at 423.[3]

Both parties lay claim to Parker as supportive of their respective positions.  However, Defendant misses its essence and instead relies on the case's side discussion of the new provision, arguing that the wording of the provision effectively precludes a theory of liability against SPR based on Parkhurst's conduct.  Defendant takes § 1057.12(c)(4) out of context, since the admonition in the provision language appears to be specifically directed to state workers' compensation and employment agencies and "other administrative tribunals" (such as workers'

---

[3] See Ex Parte No. MC-203, 8 I.C.C.2d at 671: "Nothing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. . . ."

3

compensation) which had erroneously been taking the language in the regulation to be "prima facie evidence of an employer-employee relationship," 8 I.C.C. 2d 669, 1992 WL 179665, **1 (I.C.C.) (Petition to Amend Lease and Interchange of Vehicle Regulations),  -- as opposed to claims by injured members of the general public bringing claims against the driver and the carrier, such as in this case.

Thus, Defendant attaches a meaning and overbroad scope to the phrase "employment status" which is not indicated either in the language of the provision or by the case law which addresses it.  For example, the court in Parker found that a driver/independent contractor *could* be liable for negligent conduct, notwithstanding the I.C.C. amendments, expressly noting that the "statute and regulatory pattern [of the I.C.C. regulations] clearly eliminates the independent contractor concept from . . . lease arrangements and casts upon [the carrier] full responsibility for the negligence of [the driver] of the leased equipment."  Parker, 473 S.e.2d at 424 (citing Proctor v. Colonial Refrigerated Transp., Inc., 494 F.2d 89, 90 (4th Cir. 1974)).  In other words, the amendment's caveat that the regulations do not affect employment status has no bearing on claims brought by third parties against the motor-carrier for negligence of the hired driver, as in the present case.  See, e.g., Zamalloa, 31 F.3d 911, and Parker; see also Proctor, 494 F.2d 89 (where equipment belonged to lessor, lessee-carrier could not avoid liability on theory that lessor-driver was independent contractor as long as equipment was operated in the business of carrier).

Allowing Plaintiffs' claims against SPR to proceed is in line with the available case law and with the regulations' objectives furthering public safety, as well as to spare would-be plaintiffs from the "burden of dealing with a round robin of finger pointing by carriers, lessors, owners and drivers, cargo owners, and insurers raising issues of independent contractor, frolic and detour,

whose cargo was being carried, what instructions the driver had, agency and the like in their attempt to evade responsibility for the carnage wrecked [sic] upon innocent motorists." C.C. v. Roadrunner Trucking, 823 F.Supp.913, 919 (D.Utah, 1993).[4]  Accordingly, summary judgment shall be denied.

**THEREFORE**,

**IT IS ORDERED** that Defendant S.P. Richards' Motion for Summary Judgment (**Doc. 48**) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[4] In creating the Interstate Commerce Act, Congress wished to impose on lessee-carriers responsibility for the operation of leased vehicles "as if they were the owners of such vehicles." White v. Excalibur Ins. Co., 599 F.2d 50, 53 (5th Cir. 1979) (injury to driver compensable solely under workers' compensation).  The analysis is not affected by the fact that SPR used its own vehicles and hired the driver.